# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 10-5904 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On August 12, 2010, plaintiff Valerie Torres ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.]

On March 10, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 9-13.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the

Administrative Law Judge ("ALJ") improperly evaluated the opinion of Plaintiff's treating physician. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 44 years old on the date of her most recent administrative hearing, has completed high school and some college. (*See* Administrative Record ("AR") at 31, 37, 112, 144, 337.)

On January 18, 2007, Plaintiff filed for DIB and SSI, alleging that she has been disabled since June 1, 2005 due to depression, anxiety, swelling of limbs, fatigue, trouble sleeping, and lack of concentration. (*See* AR at 60, 112, 120, 134, 139.)

On April 1, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 31-57.) The ALJ also heard testimony from Sandra Schneider, a vocational expert ("VE"). (*Id.*)

On May 8, 2008, the ALJ denied Plaintiff's request for benefits. (AR at 12-22.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 15.)

At step two, the ALJ found that Plaintiff suffers from severe "mental depression." (AR at 16 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairment, either individually or in combination, met or medically equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 19.)

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that she has a moderate limitation "on her ability to maintain concentration and attendance." (AR at 20 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff retained the ability to perform her past relevant work as a general office worker. (AR at 21.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 22.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 8.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUES PRESENTED

Four disputed issues are presented for decision here:

1. whether the ALJ properly evaluated Plaintiff's mental impairments, as substantiated by the opinion of Plaintiff's treating psychiatrist, (*see* Joint Stip. at 5-15, 21-22);

2. whether the ALJ properly assessed Plaintiff's credibility, (*id.* at 22-25, 28-30);

3. whether the ALJ properly determined Plaintiff could perform her past relevant work, (*id.* at 30-32, 34-35); and

4. whether the ALJ properly relied on the VE's testimony when he posed an incomplete hypothetical. (*Id.* at 35-37, 38-39.)

Under the circumstances here, the Court finds the issue of the ALJ's evaluation of Plaintiff's mental impairments to be dispositive of this matter, and does not reach the remaining issues.

///

///

4

# V.
# **DISCUSSION AND ANALYSIS**

A. Evaluation of the Medical Evidence

Plaintiff argues that the ALJ "shows total . . . disregard for the report and opinion of the treating psychiatrist [Hla Hla Yee, M.D. ("Dr. Yee").]"  (Joint Stip. at 6.)  Plaintiff contends that the "ALJ fails to give any valid reason for rejecting Dr. Yee's reports or for failing to discuss the records from the Roybal Mental Health Clinic."  (*Id.* at 8.)

    1.    The ALJ Must Provide Specific and Legitimate Reasons Supported by Substantial Evidence to Reject a Treating Physician's Opinion

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians:

(1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and

(3) those who neither examine nor treat the claimant (non-examining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant."  *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."  *Benton*, 331 F.3d at

1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons.") (italics in original).

"Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

2. The ALJ Improperly Evaluated Dr. Yee's opinion

Having carefully reviewed the record and the joint stipulation, the Court is persuaded that the ALJ's assessment of Dr. Yee's opinion regarding Plaintiff's mental impairments is not legally sufficient and/or supported by substantial evidence. Six reasons guide this Court's determination.

First, the ALJ's conclusion that Dr. Yee's opinion is unsupported by "her own treatment notes" is belied by the record. (AR at 18.) Plaintiff received mental health treatment from Dr. Yee at the Roybal Family Mental Health Center through the Los Angeles County Department of Mental Health for over a year from January 29, 2007 until at least February 11, 2008. (*See id.* at 257-64 (mental impairment questionnaire completed on February 11, 2008 by Dr. Yee).) Dr. Yee's opinion was based on her treatment of Plaintiff and the opinion of her treatment team, *e.g.*, therapist Rosa Torres, A.C.S.W., who Plaintiff saw approximately once a week.[3/]

---

[3/] Although the Court declines to address the ALJ's assessment of Plaintiff's credibility, to the extent the ALJ discounted Plaintiff's credibility based on the fact

1  (*See id.* at 41-42 (Plaintiff's testimony that she receives treatment from Dr. Yee and
2  separate "one-on-one" therapy approximately every week or every other week, and
3  attends group therapy)).

4  Throughout Dr. Yee's treatment notes, she recorded the amount of time spent
5  with Plaintiff during each session, which varied from twenty minutes to over an
6  hour, (*see, e.g.,* AR at 266, 273), and made detailed notations of her assessment. For
7  instance, on November 5, 2007, Dr. Yee reported that Plaintiff is "easily irritable,
8  angry, more isolat[ed]," lacked motivation "to do things," has poor personal hygiene,
9  is "tearful" and "preoccupied with her life stressors." (*Id.* at 273.) Dr. Yee found
10 Plaintiff's insight and judgment to be "limited." (*Id.*) Further, Dr. Yee repeatedly
11 diagnosed Plaintiff with bipolar disorder and anxiety disorder, not otherwise
12 specified. (*See, e.g., id.* at 262, 265, 266, 268, 271, 274.) On February 11, 2008, Dr.
13 Yee prescribed Plaintiff with Geodon, Celexa, and Temazepam, and discontinued
14 Plaintiff's prescription of Depakote after she suffered negative side effects from it.[4]
15 (*See id.* at 265, 273.) Thus, the Court finds that Dr. Yee's treatment notes amply
16 support her opinion. *See Lester*, 81 F.3d at 833 ("The treating physician's
17 continuing relationship with the claimant makes him especially qualified to evaluate

---

19 that "after seeing Dr. Yee in January 2007," she had gaps in treatment, "suggest[ing]
20 that her symptoms and limitations were not as serious as has been alleged," (AR at
21 20), the Court notes that the record indicates Plaintiff reported "delays in getting
   transportation money from [Los Angeles County welfare services]" and could not
22 attend treatment for herself because of her son's treatment and appointments. (*Id.* at
23 326, 338); *see also Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (claimant's
   failure to seek treatment due to inability to pay cannot support an adverse credibility
24 termination).

25 [4]  Geodon is an antipsychotic medication that is used to treat schizophrenia and
26 the manic symptoms of bipolar disorder. www.drugs.com. Celexa is an
   antidepressant used to treat depression. *Id.* Temazepam is used to treat insomnia
27 symptoms. *Id.* Depakote is used to treat various types of seizure disorders and is
28 also used to treat the manic phase of bipolar disorders. *Id.*

reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment.").

Second, the ALJ erred in rejecting Dr. Yee's opinion because the "evidence clearly shows that [Plaintiff's] problem, as she herself admitted, is mainly due to her being the primary caretaker for her son, taking care of her household without assistance from others and having financial issues." (AR at 18.) While Dr. Yee noted Plaintiff's "many stressors" in her treatment notes, *e.g.*, Plaintiff being a "single mother" of two kids, having "financial problem[s]" and living in a motel, Dr. Yee *still* diagnosed Plaintiff with bipolar disorder and anxiety disorder. (*Id.* at 262, 273, 275; *see also id.* at 338 (therapist treatment note reporting that during session Plaintiff "vent[ed] about struggles as a single parent dealing with son's [treatment] and finding out he has ADHD and Asperger's Disorder").) The Court fails to see how Plaintiff's life difficulties preclude a diagnosis of a clinical mental condition and resulting limitations here.

Accordingly, the ALJ has, in effect, improperly substituted his own interpretation of the evidence without setting forth sufficient authority or medical evidence to support his interpretation. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ may not substitute his own interpretation of the medical evidence for the opinion of medical professionals); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings.") (internal quotation marks, alterations and citations omitted).

Third and similarly, the Court finds that the ALJ's rejection of Dr. Yee's opinion based on Plaintiff's "interest in applying for work" is not a specific and legitimate reason. (AR at 18); *see also Napier v. Astrue*, 2009 WL 2058436, at *9 (E.D. Cal. 2009) ("Plaintiff's brief return to his former work, his search for work,

and his willingness to be retrained reflect his desire to work but do not detract from his credibility regarding the intensity, persistence, and limiting effects of his symptoms.").

Fourth, the ALJ presents no evidence to support his skepticism of Dr. Yee's credibility and this "skepticism flies in the face of clear circuit precedent." (AR at 18-19 ("The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. . . . While it is difficult to confirm the presence of such motives, they are more likely in situations such as this one where the opinion in question departs substantially from the rest of the evidence of record.")); *Reddick*, 157 F.3d at 726 ("This skepticism of a treating physician's credibility flies in the face of clear circuit precedent."); *see also Lester*, 81 F.3d at 832 (holding that an ALJ "may not assume that doctors routinely lie in order to help patients collect disability benefits") (internal quotation marks and citation omitted).

Fifth, the ALJ's adoption of the opinion of non-examining and non-treating physician C.H. Dudley, M.D. ("Dr. Dudley"), standing alone, does not constitute "substantial" evidence here. (AR at 19 (ALJ adopting Dr. Dudley's opinion), *see id.* at 238-240 (Mental Residual Functional Capacity Assessment check-box form completed by Dr. Dudley on April 4, 2007)); *Lester*, 81 F.3d at 832 ("In the absence of record evidence to support it, the nonexamining medical advisor's testimony does not by itself constitute substantial evidence that warrants a rejection of . . . the examining [physician]'s opinion."); *Erickson v. Shalala*, 9 F.3d 813, 818 n. 7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (internal quotation marks, brackets and citation omitted) (italics in original); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984) (when the non-treating, non-examining physician's opinion conflicts with the conclusions of examining physicians, that conclusion does not constitute substantial evidence).

9

Sixth, Defendant cites to the opinions of evaluating psychiatrist Norma R. Aguilar, M.D. ("Dr. Aguilar") and evaluating physician Gabriel T. Fabella, M.D. ("Dr. Fabella") as a basis for the ALJ's rejection of Dr. Yee's opinion. (*See* Joint Stip. at 18.) The Court's review is limited to the reasons *actually cited* by the ALJ in his decision, specifically, in assigning "no weight" to Dr. Yee's opinion. (AR at 19); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). However, the ALJ did not rely on Dr. Aguilar or Dr. Fabella's opinion in rejecting Dr. Yee's opinion. (*See generally* AR at 17-19.)

In any event, Dr. Fabella performed an internal medicine consultation and did not provide an opinion as to Plaintiff's mental impairments. (*See* AR at 216-20.) With respect to Dr. Aguilar, she did not review any of Plaintiff's medical records in performing her evaluation and her opinion should be afforded minimal weight. *See* 20 C.F.R. § 416.917 (consultative examiners should be provided with necessary background information regarding the claimant's condition); *see Ladue v. Chater*, 1996 WL 83880, at *5 (N.D. Cal. 1996) (error for an ALJ to afford considerable weight to an examining physician where that physician "lack[s] important background information regarding plaintiff").

## VI.
## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be

resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ failed to properly evaluate Dr. Yee's opinion.

Because the Court concludes that the ALJ erred in assessing Dr. Yee's opinion, it does not reach Plaintiff's remaining contentions. (*See* Joint Stip. at 22-25, 28-30, 30-32, 34-35, 35-37, 38-39.) Credibility findings, and whether Plaintiff is capable of performing her past relevant work and whether the ALJ properly relied on the VE's testimony depend on RFC findings, all of which are reviewed in light of the record as a whole. *See Hayes v. Astrue*, 270 Fed.Appx. 502, 505 (9th Cir. 2008); *Struck v. Astrue*, 247 Fed.Appx. 84, 86-87 (9th Cir. 2007). The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: July 6, 2011

<u>*/s/ Jay C. Gandhi*</u>

Hon. Jay C. Gandhi
United States Magistrate Judge